UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 30 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

BOBBY E. HAZEL,                        )
                                       )
                  Petitioner,          )
                                       )
        v.                             )    Civil Action No.  13-1161
                                       )
DISTRICT OF COLUMBIA,                  )
                                       )
                  Respondent.          )
                                       )

## MEMORANDUM OPINION

In the United States District Court for the Eastern District of Virginia, the petitioner was convicted of first degree murder while armed, among other offenses, and on July 16, 1993, he was sentenced to a term of life imprisonment without parole. Pet. at 2; *see United States v. Hazel*, 33 F.3d 53 (4th Cir. 1994) (per curiam). According to the petitioner, the District of Columbia conducted video surveillance of the housing unit at the Lorton Correctional Facility where the murder occurred, *see id.* at 4, and the District's failure to produce the missing video recordings "resulted in fabrication of the evidence" against him, *id.* at 4-5, in violation of his due process rights. *Id.* at 5-6.

The petitioner neither "seek[s] to challenge the execution and duration of his term of imprisonment," Pet. at 6, nor intends for his pleading to be construed as a civil complaint, *id.* at 6 n.3. Yet he demands a writ of habeas corpus "in the interest of justice" and "demand[s] that the respondent . . . show cause," *id.* at 7, noting that he is "prevented . . . from pursuing a collateral attack [on his sentence] under Title 28 U.S.C. Section 2255," *id.* at 5 n.2. Instead, he demands


4

the video recordings on the theory that their introduction at a disciplinary hearing in 1992 would have exonerated him. *Id.* at 4. It is apparent that petitioner is attacking his conviction by an impermissible means, rather than presenting his challenge by motion in the sentencing court under 28 U.S.C. § 2255. *See Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997) (noting that a motion under § 2255 "is the proper means for attacking errors that occurred during or before sentencing"). This Court is without jurisdiction to entertain the petition, and it therefore will be dismissed. *See Moore v. Smith*, No. 06-5078, 186 F. App'x 8 (D.C. Cir. 2006) (affirming district court's dismissal of habeas petition for lack of subject matter jurisdiction where petitioner mounted collateral attack on his sentence); *see also United States v. Hazel*, No. 93cr62, 2013 WL 1450908, at *1 (E.D. Va. Apr. 9, 2013); *Hazel v. Cross*, No. 1:09CV4, 2009 WL 1921185, at *2 (N.D.W. Va. July 2, 2009), *recons. denied*, 2009 WL 2176041 (N.D.W. Va. July 20, 2009), *aff'd*, 334 F. App'x 536 (4th Cir. 2009) (per curiam).

An Order accompanies this Memorandum Opinion.

DATE: 7/24/13

Ellen S Huvck
United States District Judge